# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HEIDI VARELA, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF CONTROL, LAKE COUNTY ) <br> HIGH SCHOOL TECHNOLOGY CAMPUS, et al., ) <br> ) <br>     Defendants. ) | No. 17 C 5832 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION & ORDER

Plaintiff Heidi Varela has sued defendants Board of Control of Lake County High School Technology Campus ("the Board"), and Constance Collins, Jim McKay, and Roycealee Wood in their official capacities as officers of the Board, for employment discrimination and retaliation. Currently before the Court is defendants' partial motion to dismiss Varela's complaint. R. 10. For the reasons explained below, the Court grants in part and denies in part defendants' motion.

## STANDARD

The complaint must provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. P. 8(a)(2). Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**BACKGROUND**

Lake County High School Technology Campus hired Varela as an instructor in August 2013. R. 1 ¶ 12. Derrick Burress was the principal of the school and Varela's immediate supervisor. *Id.* ¶¶ 14-15.

From August 2013 through December 2015, Burress did not formally observe Varela in her classroom, Varela was never told that she was performing her job unsatisfactorily, and Varela was not disciplined or reprimanded. *Id.* ¶¶ 18-20. In September 2013, Varela's teacher evaluation ranked her with two excellent marks, 23 proficient marks, seven needs improvement marks, and no unsatisfactory marks. *Id.* ¶ 16. Varela's January 2014 teacher evaluation ranked her with nine excellent marks, 36 proficient marks, two needs improvement marks, and no unsatisfactory marks. *Id.* ¶ 17.

On September 9, 2015, Varela told Burress that she was pregnant. *Id.* ¶ 21. Burress asked Varela about her plans after the baby was born, and Varela responded with her due date. *Id.* ¶¶ 22-23. Burress then "asked in a negative, condescending tone 'so you don't have a plan?'" *Id.* ¶ 24. A few weeks later, on

September 29, 2015, Varela requested from assistant principal Sebastian Kapala and executive director Steve Clark an aide to assist in heavy lifting and cleaning a printer with chemicals in light of her pregnancy. *Id.* ¶ 28. On December 8, 2015, Varela communicated again with Kapala and Clark regarding her pregnancy and lack of assistance with heavy lifting and cleaning the printer. *Id.* ¶ 32.

Burress conducted his first formal observation of Varela's classroom on December 8, 2015. *Id.* ¶ 29. Varela's December 8, 2015 teacher evaluation gave her six excellent marks, 30 proficient marks, four needs improvement marks, and no unsatisfactory marks. *Id.* ¶ 30.

In 2016, Burress permanently removed Varela's classroom aide from her classroom. *Id.* ¶¶ 26-27. On February 19, 2016, Burress conducted a second formal observation of Varela's classroom. *Id.* ¶ 33. Varela's February 19, 2016 teacher evaluation rated her overall performance as needs improvement, and gave her five excellent marks, 27 proficient marks, eight needs improvement marks, and no unsatisfactory marks. *Id.* ¶ 34. After meeting with Burress to receive her February 19, 2016 evaluation, Varela became visibly upset and left his office in tears. *Id.* ¶ 35.

In early March 2016, Varela submitted rebuttals to Burress' evaluation reports from his December 2015 and February 2016 formal observations. *Id.* ¶¶ 31, 36. On March 17, 2016, defendants notified Varela that she would not be re-employed as a full-time instructor and that her employment would end on June 3, 2016. *Id.* ¶ 37.

Varela filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Lake County High School Technology Campus on March 30, 2016, which the EEOC received on April 4, 2016. R. 10-2. In her EEOC charge, Varela checked the boxes for sex and disability discrimination, but not for retaliation. *See id*. And the narrative section of the EEOC charge alleges that Varela was "discriminated against because of [her] sex female and due to pregnancy . . . [and] because of [her] disability," but does not mention retaliation. *See id*.

Varela requested leave pursuant to the Family Medical Leave Act ("FMLA") for the birth of her child from May 6, 2016 through May 26, 2016, and that request was approved. R. 1 ¶¶ 38-40. After her leave, Varela was never rehired. *Id*. ¶ 42.

On May 10, 2017, the EEOC issued Varela a notice of right to sue, which Varela received on May 13, 2017. *Id*. ¶ 9. Varela filed her complaint in this case on August 10, 2017, within 90 days of Varela's receipt of the right to sue notice. *Id*. ¶ 10.

Count I of Varela's complaint alleges sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e2(a)(1), and the Pregnancy Discrimination Act of 1978, 775 Ill. Comp. Stat. Ann. 5/2-102. *Id*. ¶¶ 47-48. Specifically, Varela contests defendants' failure to rehire her after she informed Burress that she was pregnant and would be taking FMLA leave. *Id*. ¶¶ 49-50. Count II alleges retaliation in violation of Title VII. Varela contends that defendants did not rehire her in retaliation for complaining about

4

Burress's discriminatory treatment. *Id.* ¶ 54. Varela requests numerous forms of relief, including back pay, front pay, compensatory and consequential damages, and punitive damages. *Id.* at p. 8. Varela sues Collins, McKay, and Wood only in their official capacities as officers of the Board, and does not make any specific allegations against them in her complaint. *See id.*

## ANALYSIS

I. **Count II – Retaliation**

Defendants move to dismiss Count II because Varela did not allege retaliation in her EEOC charge. As a general matter, an "aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Connor v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). "A Title VII plaintiff" thus "may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). In *Swearnigen-El*, the Seventh Circuit affirmed the dismissal of a retaliation claim where the plaintiff had not "check[ed] the box for retaliation" in his EEOC charge or "otherwise indicate[d] that action had been taken against him for reasons other than race or gender." *Id.* at 864. The *Swearnigen-El* court explained that "normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Id.*; *accord Zegarra v. John Crane, Inc.*, 218 F. Supp. 3d 655, 663 (N.D. Ill. 2016) ("Courts review the scope of an EEOC charge

5

liberally, but settled precedent holds that allegations of *discrimination* in an EEOC charge are not like or reasonably related to allegations of *retaliation*, and therefore are not sufficient to support a retaliation claim.").

In this case, it is undisputed that Varela checked the boxes only for sex and disability discrimination in her EEOC charge, and that she did not mention retaliation anywhere in the narrative portion of her EEOC charge. *See* R. 10-2. Varela nevertheless claims that her retaliation claim is preserved, citing *Clockedile v. New Hampshire Dep't of Corr.*, 245 F.3d 1, 6 (1st Cir. 2001), and *Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). These cases set forth a "limited exception to the exhaustion requirement for retaliation claims": "that 'a separate administrative charge is not a prerequisite to a suit complaining about retaliation for filing the first [EEOC] charge.'" *Zegarra*, 218 F. Supp. 3d at 663 (quoting *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), and collecting cases); *accord Clockedile*, 245 F.3d at 6 ("retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.,* the retaliation is for filing the agency complaint itself"); *Gupta*, 654 F.2d at 414 ("it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge"). The Seventh Circuit has made clear that this "exception does *not* apply to claims based on alleged retaliatory acts committed *before* the plaintiff's filing of an EEOC charge, since such retaliation could be alleged in the initial charge and therefore would not

6

require a 'needless' second charge." *Zegarra*, 218 F. Supp. 3d at 664 (quoting *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 4823 (7th Cir. 1996)).

The limited exception for retaliation claims growing out of an earlier EEOC charge does not apply to Varela's retaliation claim for two clear reasons. First, Varela's retaliation claim does not allege that defendants retaliated against her for filing the EEOC charge itself—instead, it alleges that defendants retaliated against her for making complaints to Burress. *See* R. 1 ¶ 54 (alleging that "Defendants actions in failing to re-hire [Varela] were in retaliation for complaining of the discriminatory treatment by Principal Burress").

Second, Varela did not file her EEOC charge until after the alleged retaliation took place. Varela signed her EEOC charge on March 30, 2016, and the EEOC received it on April 4, 2016. R. 10-2. But the retaliatory act alleged by Varela—defendants' notification that she would not be rehired—occurred on March 17, 2016. R. 1 ¶ 37. "Because th[is] incident[ ] of retaliation could have been—and should have been—included in [Varela's] administrative charges, [it] cannot now serve as the basis of the retaliation claim alleged in her complaint." *McKenzie*, 92 F.3d at 483. As such, "the exception to the ordinary exhaustion rule" (*Zegarra*, 218 F. Supp. 3d at 664) invoked by Varela does not apply, and the Court grants defendants' motion to dismiss Count II.

## II. Count I – Sex Discrimination

Defendants also move to dismiss Count I in part. Defendants acknowledge that Varela's "sex and pregnancy discrimination" "claims are properly pled because

7

they were part of [Varela's] EEOC charge." R. 10 at 5. But defendants say that Count I also "attempt[s] to raise a FMLA claim," which was not part of Varela's EEOC charge. *Id.* Defendants acknowledge in their reply that Varela was not required to include an FMLA claim in her EEOC charge to preserve it, but "continue to argue that plaintiff cannot be allowed to continue her FMLA claim because in describing the statutes that the defendants allegedly violated, the plaintiff does not identify the FMLA statute." R. 21 at 7 (citing R. 1 ¶ 1).

The Court rejects defendants' argument for several reasons. First, it is unclear whether Varela is in fact attempting to raise an FMLA theory. Count I purports to be a claim for sex and pregnancy discrimination, and cites statutes prohibiting those forms of discrimination. Count I merely mentions the FMLA in one paragraph, which states that "[t]he non-rehiring was in retaliation for the FMLA leave requested by [Varela] due to her pregnancy." R. 1 ¶ 50.

Second, "[i]t is factual allegations, not legal theories, that must be pleaded in a complaint." *Whitaker v. Milwaukee Cty., Wisconsin*, 772 F.3d 802, 808 (7th Cir. 2014). There was therefore no need for Varela to specifically "identify the FMLA statute" in her complaint as defendants claim. R. 21 at 7.

Third, any FMLA theory would only be part of Count I. And the Court does not have power to dismiss parts of claims on a Rule 12(b)(6) motion to dismiss. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a

8

plausible claim for relief."). The Court therefore denies defendants' request to dismiss Count I in part.

III. **Official Capacity Defendants**

Finally, the individual Board member defendants named in their official capacities maintain that they should be dismissed as redundant defendants. A "suit against an official in her official capacity is actually a suit against the government entity." *Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010). For that reason, as numerous courts in this district have recognized, "where the plaintiff names the government entity as a defendant in the suit, the claim against the individual in her official capacity is redundant." *Id.* at 973-74 (collecting cases); *Williams v. Cty. of Cook*, 969 F. Supp. 2d 1068, 1074 (N.D. Ill. 2013) (same, and collecting cases); *Ojeda v. Sanchez*, 2017 WL 4772809, at *2–3 (N.D. Ill. Oct. 23, 2017) (same); *Offor v. Illinois Dep't of Human Servs.*, 2013 WL 170000, at *2 (N.D. Ill. Jan. 16, 2013) (same).

Here, the individual Board member defendants named in their official capacities are redundant of the Board itself. Indeed, Varela makes no specific allegations against any of the individual Board member defendants in her complaint. *See* R. 1. Varela's claims against the individual Board member defendants are therefore dismissed.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendants' motion to dismiss (R. 10).

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: June 5, 2018